**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

MIRROR WORLDS TECHNOLOGIES, LLC,

        Plaintiff,

        v.

APPLE INC., et al.,

        Defendants.

CASE NO. 6:13-CV-00419-RWS

**APPLE'S <u>REPLY BRIEF</u> IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT THAT
PLAINTIFF'S INFRINGEMENT CLAIM IS PRECLUDED
UNDER THE *KESSLER* DOCTRINE; AND**

**APPLE'S <u>OPPOSITION</u> TO
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT OF
NO PRECLUSION UNDER THE *KESSLER* DOCTRINE**

Apple's motion for summary judgment seeks a straight-forward application of the *Kessler* doctrine to facts that are beyond dispute. In a prior lawsuit, this Court and the Federal Circuit held that the asserted claims of the '227 patent were *not infringed*, because Mirror World's predecessor failed to prove that all of the claimed method steps are performed by Apple or by users of Apple's software. *See* D.I. 254 (Opening Br.) at 7-8; *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1362 (Fed. Cir. 2012) ("*Mirror Worlds II*"). Now, in this lawsuit, Mirror Worlds is attempting to assert the same patent, including the same claims, against essentially the same activity. D.I. 254 at 5-16. Under the *Kessler* doctrine, Mirror Worlds may not proceed. The judgment of non-infringement from the prior suit protects Apple, and prevents Mirror Worlds from pursuing serial claims. *See, e.g.*, *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014) (*Kessler* "allow[s] an adjudged non-infringer to avoid repeated harassment").

Mirror Worlds' opposition brief and cross-motion do not offer any evidence contradicting these undisputed facts, nor any legal authority holding *Kessler* inapplicable here. Instead, Mirror Worlds attempts to rewrite history, by selectively quoting *Mirror Worlds II* out of context and describing the Federal Circuit's holdings inaccurately. Mirror Worlds also attempts to rewrite the *Kessler* doctrine as if it applied only to accused devices and not to accused methods. But *Kessler* applies equally to methods, including to the methods that Mirror Worlds has alleged (but failed to prove) are performed using Apple's software. Finally, Mirror Worlds attempts to delay by seeking more discovery under Rule 56(d), but the undisputed timeline shows that Mirror Worlds could and should have completed the relevant discovery *months ago*. Because the *Kessler* doctrine bars Mirror Worlds' claims, and because Mirror Worlds has not established any genuine issue of material fact nor any reason for a continuance, Apple respectfully asks the Court to grant Apple's motion for summary judgment and to deny Mirror Worlds' cross-motion.

## I.    RESPONSE TO MIRROR WORLDS' STATEMENT OF FACTS[1]

Apple disputes Mirror Worlds' statement that in the prior suit "[t]he Court did not find that use of the accused features in Apple's products falls outside the scope of the asserted claims. Rather, it found that Mirror Worlds failed to prove an instance of 'use'—that Mirror Worlds [sic] or its customers actually used the accused features." Opp. at 2. This is an inaccurate characterization of the Court's JMOL opinion. As the actual opinion demonstrates, the Court found that Mirror Worlds had failed to prove that each and every step of the claimed methods was performed. *See Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 715 ("Mirror Worlds simply failed to present sufficient evidence from which a reasonable jury could find that Apple, or anyone else, practiced each and every step of the claimed methods by using the Spotlight, Cover Flow, and Time Machine features in the accused Mac OS X 10.4-6.").

Apple also disputes Mirror Worlds' statement that "[t]he Federal Circuit…confirmed that such use does fall within the asserted claims of the '227 patent." Opp. at 2. In fact, the Federal Circuit did *not* hold or "confirm" that the use of Spotlight (or any Apple software) infringes claim 13 (or any other asserted claim), and instead made clear that this was *not* the court's holding. For example, the Federal Circuit wrote that "although people *may* 'turn on' these features (Spotlight, Cover Flow, Time Machine), that *does not mean that the features were used to practice the claims*, and thus cannot serve as the basis for induced infringement." *Mirror Worlds II*, 692 F.3d at 1361 (emphasis added); *id.* at 1358 ("We agree that Mirror Worlds has not offered substantial evidence that Apple directly infringed the '227 patent."). Mirror Worlds repeatedly quotes the Federal Circuit as stating that "[T]he use of Spotlight to search for documents on a computer that has sent and received documents (via e-mail, for example) and

---

[1]  To the extent Apple does not dispute here certain of Mirror Worlds' statements of "undisputed" facts from its cross-motion, Apple reserves its right to dispute them later.

generates time-ordered search results <u>infringes claim 13</u>." Opp. at 1, 2, 6 (alteration and emphasis by Mirror Worlds). But Mirror Worlds *omits* the beginning of the quoted sentence each time, where the court made clear that it was referring to Mirror Worlds' *theory* of infringement rather than announcing a holding. The court actually wrote: "*As stated above*, the use of Spotlight to search for documents on a computer that has sent and received documents (via e-mail, for example) and generates time-ordered search results infringes claim 13." 692 F.3d at 1358 (emphasis added). Stated "above," *i.e.* earlier in the court's opinion, there is no holding or finding of infringement, but rather only a discussion of Mirror Worlds' *theory* of infringement.

Indeed, the Federal Circuit makes this clear by citing only to the '227 patent and to Mirror Worlds' infringement *claim chart*. *See id.* (citing to "'227 patent col. 16 ll. 9-25" and to "Mirror Worlds' claim chart"). This claim chart contains Mirror Worlds' *theory*, but is not evidence of infringement and cannot possibly have been the predicate for a holding of infringement. *See, e.g., Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009) ("unsworn attorney argument… is not evidence"). Therefore Mirror Worlds is wrong to allege that the Federal Circuit "confirmed" that use of the accused software constitutes infringement. Instead, the Federal Circuit affirmed the very opposite – that Mirror Worlds failed to prove that Apple's software had ever been used in an infringing manner. *See, e.g.*, 692 F. 3d at 1359 ("Mirror Worlds, as the patentee here, has to show that Apple performed all of the steps in the claimed methods. Mirror Worlds failed to meet that burden.") (internal citation omitted).

## II.     THE *KESSLER* DOCTRINE IS SQUARELY APPLICABLE HERE

Apple's motion demonstrates that the *Kessler* doctrine applies to bar Mirror Worlds' claims, because the activity Mirror Worlds accuses in this suit is essentially the same as the activity that Mirror Worlds accused – and failed to prove was infringing – in the prior suit. In its

- Page 3

opposition and cross-motion, Mirror Worlds does not offer any evidence whatsoever to dispute the material facts in Apple's motion, but instead only (1) argues that *Kessler* does not apply as a matter of law and (2) asks for a continuance under Rule 56(d). As shown below, however, Mirror Worlds is wrong on the law and has no basis for seeking a continuance.

### A.     Mirror Worlds Misunderstands *Kessler* and the Law of Infringement

In order to argue that *Kessler* does not apply, Mirror Worlds starts from a faulty premise about infringement. Mirror Worlds writes that infringement requires two separate findings – "(1) an infringing device, and (2) a prohibited act with that device." Opp. at 5. But that is *not* the law with respect to method claims, which are the only claims in-suit here. As the Federal Circuit has explained, infringement of a method claim requires a person to "have practiced all steps of the claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (citing 35 U.S.C. § 271); *accord Mirror Worlds II*, 692 F.3d at 1358. There is no predicate question about whether there is "an infringing device" – indeed, that question does not even make sense in the context of a method claim, which covers a set of *steps* and not a "device."[2] Thus the question of infringement (in both this case and the previous case) is whether anyone has *actually performed all of the steps* of Mirror Worlds' asserted claims – such as the step of "generating at least one substream…" – not whether there is "an infringing device."

Mirror Worlds relies on its faulty premise to argue that *Kessler* applies only to certain *kinds* of non-infringement, *i.e.,* that *Kessler* (1) "applies only" when "the patentee fails to demonstrate that the accused product or method falls within the claims of the asserted patent," and (2) "never" applies when "the patentee fails to demonstrate that the defendant engaged in any activity based on the product or method that is prohibited under the Patent Act." Opp. at 5.

---

[2] *See, e.g.*, *Daiichi Pharm. Co. v. Apotex, Inc.*, 441 F. Supp. 2d 672, 677 n.9 (D.N.J. 2006) (quoting treatise for basic proposition that "the 'elements' of a method claim, instead of being structural parts, are, and must be, acts or manipulative steps").

But this is a false dichotomy, which collapses when applied to method claims. A patentee who fails to demonstrate "any activity based on the… method that is prohibited" has *necessarily* failed to demonstrate any activity that "falls within" the scope of that method claim – stated either way, the point that matters for infringement is that the patentee has failed to demonstrate that anyone "practiced all steps of the claimed method." *Lucent*, 580 F. 3d at 1317. Under the *Kessler* doctrine, once the patentee has failed in the first suit – *i.e.*, once there is a judgment of non-infringement – the patentee cannot later assert the same patent against essentially the same accused activity, as Mirror Worlds is attempting to do here. *See Brain Life*, 746 F.3d at 1058.

**B.      *Kessler* Applies to Methods, Not Only to Devices**

Mirror Worlds next argues that "the *Kessler* doctrine does not grant protection to a particular party (e.g. a prior defendant) or action (e.g. selling or using), but rather to a particular good." Opp. at 6. But this argument again misses the mark because it does not square with the operation of method claims, which cover a particular "action" – *i.e.*, the action of "using" a particular set of steps – and yet undisputedly can give rise to a bar under *Kessler*. Indeed, Mirror Worlds *admits* that the *Kessler* doctrine applies to method claims, writing that "[t]he *Kessler* doctrine bars a party from asserting infringement claims against products *or methods* that are the 'same' or 'essentially the same'" as those exonerated in a prior lawsuit. Opp. at 1 (quoting *Brain Life*, 746 F.3d at 1057) (emphasis added). Thus it is undisputed that *Kessler* does indeed protect particular *actions* – namely, the same or essentially the same actions at issue in a previous suit.

For example, in *Brain Life* the Federal Circuit held that the patentee was barred from asserting method claims against the defendant. 746 F.3d at 1058. The appeals court explained that *Kessler* applied because the patentee's infringement theory targeted "the same allegedly infringing commercial activity" as it had in the first suit, even though the first suit had involved apparatus claims. *Id.* at 1058 n.2. Similarly, in *SpeedTrack* – another recent case involving

method claims – the patentee alleged that Wal-Mart infringed method claims by using certain Endeca software. *SpeedTrack, Inc. v. Office Depot, Inc.*, No. C 07-3602 PJH, 2014 WL 1813292 at *1 (N.D. Cal. May 6, 2014). The patentee failed to prove infringement, and then brought a second suit asserting the same patent against use of the same software. The district court granted summary judgment under *Kessler*, explaining that "by failing to prevail in its infringement suit against Wal-Mart, SpeedTrack lost the right to assert any claims of the '360 patent against any customers of Endeca who use the accused software in 'essentially the same' manner as did Wal-Mart." *Id.* at *9. Here, likewise, "by failing to prevail" in its first suit, Mirror Worlds "lost the right to assert" the '227 patent against "essentially the same" use of Apple software.

Mirror Worlds also argues that "no court has ever held that *Kessler* applied to non-infringement based on a failure to prove the defendant engaged in prohibited acts (*e.g.*, selling, making, using within the United States)." Opp. at 7. Taken literally, Mirror Worlds' argument is absurd – *every* application of *Kessler* is based on the patentee's failure to prove "prohibited acts," *i.e.*, acts prohibited under the patent. If all that Mirror Worlds means to say here is that *Kessler* does not apply to claims dismissed on *territoriality* grounds – *i.e.*, where the first suit was dismissed solely because the accused acts took place not "within the United States," as in Mirror Worlds' hypotheticals about "RefridgeCo" in its brief – then this argument is simply inapposite. Mirror Worlds did not lose its prior case against Apple on territoriality grounds, but rather for failure to prove that the claimed methods were performed using Apple's software.[3]

Finally, Mirror Worlds argues that *Kessler* should not apply here because Apple's products "have been adjudged to embody the asserted claims of the '227 patent" (Opp. at 14),

---

[3]  Mirror Worlds posits another RefridgeCo hypothetical in which accused sales are *licensed*, arguing that this should not bar a second suit for sales after the license expires.  But license is an *affirmative defense*. Here Mirror Worlds indisputably failed to prove its prima facie case, so *Kessler* applies squarely, regardless of whether and how it might apply in the hypothetical.

but this assertion is simply false. The asserted claims are method claims, and cannot be embodied by products standing alone, but rather only by certain *uses* of products to practice the steps of the claims. The judgment issued by this Court, and affirmed by the Federal Circuit, was that Mirror Worlds did *not* prove that its claims were embodied by any uses of Apple software. As the Federal Circuit explained, "Mirror Worlds' claims are not passive; they *require additional user action* beyond just turning on the tools," and "although people may 'turn on' these features (Spotlight, Cover Flow, Time Machine), that *does not mean that the features were used to practice the claims*...." *Mirror Worlds II*, 692 F. 3d at 1361-62 (emphasis added).

### C.   It Remains Undisputed that the Accused Activity in this Suit is Essentially the Same as the Accused Activity in the Prior Suit.

As shown above, *Kessler* bars Mirror Worlds from asserting the '227 patent against Apple for accused activity that is "essentially the same" as in the prior suit. Apple's motion papers and declarations establish that the activity Mirror Worlds accuses here is *indeed* essentially the same as in the prior suit, as Mirror Worlds is accusing the same uses of essentially the same software. *See* D.I. 254 at 2-5, 9-16, 19-20. In response, Mirror Worlds fails to offer *any evidence whatsoever* to the contrary. Mirror Worlds does not even identify any *alleged* differences in the software, and instead only seeks a continuance under Rule 56(d). But no continuance is warranted, as shown below, and Mirror Worlds' failure to present any evidence in its opposition means that Apple's evidence stands unrebutted and warrants summary judgment.

### D.   Mirror Worlds is Not Entitled to a Rule 56(d) Continuance

Mirror Worlds asks to defer Apple's motion under Rule 56(d) until Mirror Worlds has deposed Apple and its declarant, John Hornkvist, regarding changes made to Apple's software. But in order to receive the benefit of Rule 56(d), Mirror Worlds must demonstrate that it "diligently" pursued the "relevant discovery" *before* asking for a continuance. *See, e.g.*, *Baker v.*

*Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). Here Mirror Worlds did *not* act diligently.

First, Mirror Worlds cannot dispute that it has known for many months – if not for well over a year – that the question of whether Apple's software has remained "essentially the same" with respect to Mirror Worlds' infringement allegations is critical and could lead to an early summary judgment in Apple's favor.[4] Second, Mirror Worlds cannot dispute that for many months, it has had access to Apple's documentation and source code for the software at issue – *both* for the versions accused of infringement in this case *and* for the previous versions accused in the prior case[5] – and thus could have tested Apple's contention that there have been no material changes. Third, Mirror Worlds cannot dispute that it failed to inspect Apple's source code at any time before its opposition brief – not even after Apple provided an interrogatory response in July 2014 that *directed Mirror Worlds to the source code* for "information pertaining to changes made to Spotlight" (D.I. 261-4 at 5) – and not even in the month *after* Apple filed its motion. On these facts, there is no doubt that Mirror Worlds failed to act diligently in pursuing relevant discovery. *Brooks v. Zoltek Corp.*, No. 99-10570, 1999 WL 1328014, at *1 (5th Cir. Dec. 7, 1999) (affirming denial of Rule 56 continuance where non-movant failed to collect "that modicum of evidence necessary to avoid a summary judgment ruling" in the thirteen months between complaint and summary judgment motion and had been "warned as of . . . [the date] the district court issued its scheduling order" that summary judgment motions would be filed).

Mirror Worlds argues that it was diligent "as a matter of Fifth Circuit law" because it served a 30(b)(6) notice regarding Apple's software on November 25, 2014, when there were

---

[4]  On September 10, 2013, Apple asserted preclusion by the prior litigation D.I. 57 (Answer) at 21.  By January 6, 2014, Apple raised summary judgment on preclusion. D.I. 151-1 at 4 n.3. On May 20, 2014, Apple requested permission to file, writing that the accused Apple products "are essentially the same" as those exonerated in the prior case.  D.I. 178-1 at 1.

[5]  Apple produced documentation on February 3, 2014, and offered the source code for inspection starting on April 14, 2014.  See D.I. 255-6 and 256-4 (Production Letters).

still six months remaining in the fact discovery period. Opp. at 17. But Mirror Worlds misstates Fifth Circuit law, which does not evaluate diligence only against the fact discovery cutoff, but rather also against the filing date of the motion at issue. For example, in *Baker*, the Fifth Circuit affirmed the denial of a continuance where the non-movant's discovery requests "fell within the range of time allowed by the schedule," but were nevertheless "too late to produce results for use in the summary judgment briefing." 30 F.3d at 755; *accord Allen v. USPS*, 162 F.3d 93 (5th Cir. 1998).[6] Here, Mirror Worlds knew by May 20, 2014 that Apple was pursuing summary judgment on this exact issue. Yet Mirror Worlds waited until November 25, 2014 to serve its 30(b)(6) notice, when it was "too late to produce results" for opposing the motion. That is not diligence.

Likewise, while Mirror Worlds claims that it needs a continuance in order to depose Apple's declarant (Mr. Hornkvist), that claim is not credible, as Mirror Worlds did not serve a deposition notice to Mr. Hornkvist until *the same day Mirror Worlds filed its opposition and sought a continuance*, more than a month after receiving his declaration. By waiting so long,[7] Mirror Worlds failed to act diligently and waived the opportunity to challenge this declaration in its opposition brief, and thus should not be permitted to sandbag by challenging it on sur-reply. *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (continuance denied where plaintiff waited until after summary judgment filing to depose persons she knew had relevant information); *cf. Scosche Indus. v. Visor Gear,* 121 F. 3d 675, 682 (Fed. Cir. 1997) (rejecting argument that non-movant "did not have an opportunity to depose" witness; in fact

---

[6] Even in the case cited by Mirror Worlds, the court considered the *motion* schedule. *See Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) (allowing continuance when "plaintiffs filed their document requests more than two months before the end of the discovery period *and roughly six weeks in advance of the deadline to oppose summary judgment motions…*") (emphasis added to language omitted by Mirror Worlds in Opp. at 17).

[7] Mirror Worlds has been aware of Mr. Hornkvist's relevance for a long time.  He testified in the prior case, and was disclosed as such on Apple's January 2014 initial disclosures.

non-movant had simply failed to pursue that deposition "with vigor").[8]

Finally, the Court should deny a continuance because Mirror Worlds has not demonstrated that more discovery would make a difference. Mirror Worlds admits that it must "set forth a plausible basis for believing that specified facts" will be adduced that will "influence the outcome" of Apple's motion, but argues only that it seeks "the facts regarding what changes were made to Apple's software." Opp. at 16. Mirror Worlds does not identify any *specific*, *material* facts that it hopes to obtain – *i.e.*, any specific software changes that Mirror Worlds believes occurred and were material.[9] Likewise, Mirror Worlds does not identify even a *single* specific statement from Mr. Hornkvist's declaration that Mirror Worlds expects to disprove. This is not sufficient under Rule 56(d). *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894-95 (5th Cir. 2013) (continuance for deposition denied where it was "unclear what [non-movant] hoped for…"); *San Filippo v. Bongiovanni*, 30 F.3d 424, 448 (3rd Cir. 1994) (same where non-movant "does not indicate how he expects the deposition testimony… to differ" from affidavit). Finally, if the Court does issue a continuance, Apple respectfully asks the Court to stay all *other* discovery pending decision on Apple's motion, to preserve the Court's and parties' resources.

## III.  CONCLUSION

For the foregoing reasons, Apple respectfully asks the Court to grant its motion for summary judgment regarding the *Kessler* doctrine, and to deny Mirror Worlds' cross-motion.

---

[8] Mirror Worlds relies on *Baron Services v. Media Weather Innovations LLC*, 717 F.3d 907 (Fed. Cir. 2013), but there the non-movant noticed depositions of the declarants "almost two months before" summary judgment filings. *Id.* at 914.  Here Mirror Worlds waited too long, until *after* summary judgment filings.  *See, e.g.*, *Lupton v. USAgencies Mgmt. Serv., Inc*., No. 12-cv-673-SCR, 2013 WL 3821480, at *1 (M.D. La. July 23, 2013) (denying continuance where deposition was not noticed until opposition was filed).

[9] Similarly, Mirror Worlds challenges Apple's reliance on *Hill & Assoc. v. Amazon.com*, No. 02-cv-186, 2005 WL 2488715 (E.D. Tex. Oct. 7, 2005), but Mirror Worlds does not point to *any* differences between its infringement contentions in this suit and in the prior suit that would warrant additional discovery, so *Hill* is firmly on point here.

DATE: January 20, 2015

Respectfully submitted,


  /s/ William C. Rooklidge
          William C. Rooklidge,
          State Bar No. 134483
          WRooklidge@gibsondunn.com
          GIBSON, DUNN & CRUTCHER LLP
          3161 Michelson Drive, Suite 1200
          Irvine, CA  92612
          Telephone:  949.451.3800
          Facsimile:  949.451.4220

          Hilda C. Galvan
          State Bar No. 00787512
          hcgalvan@jonesday.com
          Daniel T. O'Brien
          State Bar No. 24065832
          dtobrien@jonesday.com
          Scott B. Poteet
          State Bar No. 24077490
          spoteet@jonesday.com
          JONES DAY
          2727 North Harwood Street
          Dallas, TX  75201-1515
          Telephone:  (214) 220-3939
          Facsimile:  (214) 969-5100

          *Attorneys For Defendant Apple Inc. and, as to*
          *Mirror Worlds' infringement claims related to*
          *Apple's OS X operating system, Best Buy Stores, LP*
          *and BestBuy.com, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) this 20th day of January, 2015.


   */s/ William C. Rooklidge*
WILLIAM C. ROOKLIDGE