**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| MIRROR WORLDS TECHNOLOGIES, LLC, Plaintiff, | | CIVIL ACTION NO. 6:13-cv-419 |
| v. | | **JURY TRIAL DEMANDED** |
| APPLE INC., ET AL, Defendants. | | |

| | | |
|---|---|---|
| MIRROR WORLDS TECHNOLOGIES, LLC, Plaintiff, | | CIVIL ACTION NO. 6:13-cv-941 |
| v. | | **JURY TRIAL DEMANDED** |
| MICROSOFT CORP., ET AL, Defendants. | | |

**DEFENDANT APPLE INC.'S MOTION TO STAY DISCOVERY
PENDING DISPOSITIVE MOTIONS**

## I.     INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully moves for a stay of discovery as to the claims and defenses between Plaintiff Mirror Worlds Technologies LLC ("Mirror Worlds") and Apple, pending the Court's consideration of certain dispositive motions between these two parties, including (1) the parties' fully-briefed cross-motions for summary judgment regarding the *Kessler* doctrine, which stand ready for decision by the Court [Dkt. Nos. 254, 262], (2) the parties' cross-motions for judgment on the pleadings regarding invalidity under 35 U.S.C. §101, which will be fully briefed and ready for decision shortly [Dkt. Nos. 292, 300], and (3) Mirror Worlds' requested motion for summary judgment of validity based on issue preclusion (if the Court grants Mirror Worlds' request to file this motion per its letter briefing) [Dkt. No. 273].

As both Apple and Mirror Worlds have explained in their respective filings, these dispositive motions present threshold issues that can resolve *all* of Mirror Worlds' infringement claims (and most of Apple's invalidity defenses) without any further discovery.  These motions turn solely on legal questions, and on undisputed facts regarding the patent-in-suit and the prior case in which the same patent was asserted against Apple.  There is no reason to proceed with discovery between Apple and Mirror Worlds while these motions are pending, as all discovery related to these motions is complete.  Indeed, even the discovery that Mirror Worlds claimed to need under Rule 56(d) for purposes of the *Kessler* motions is now complete.

Moreover, moving forward with discovery while these motions are pending would risk wasting substantial resources of the parties and the Court, as a significant volume of discovery would be rendered *entirely useless* by any decision granting any of the pending dispositive motions.  Therefore Apple respectfully asks the Court to stay discovery pending these motions, pursuant to Rule 26 and under the Court's inherent authority to manage its docket.

## II.    BACKGROUND

**A.    The Parties Will Soon Need to Engage in Expensive Discovery Absent a Stay**

Pursuant to the Docket Control Order entered by Judge Davis in January of 2014, fact discovery is now open and will remain so until June 18, 2015.  [Dkt. No.155 at 4].  Thus far the parties have exchanged written interrogatories and infringement and invalidity contentions, and Mirror Worlds has served a 30(b)(6) notice on Apple seeking depositions on twenty-nine topics.[1] Apple has provided a witness on the two topics that relate to the pending *Kessler* motions, but no other fact witness depositions have occurred as between Mirror Worlds and Apple.[2]  If the Court does not stay discovery, then Apple and Mirror Worlds will need to begin fact depositions and other expensive discovery soon in order to complete all fact discovery by June 18, 2015.

**B.    The Parties' Dispositive Motions Do Not Require Any Further Discovery**

There are now several dispositive motions pending between Apple and Mirror Worlds, and another dispositive motion that Mirror Worlds has requested to file.  All of these motions turn on matters of law and do not require any additional discovery.

### 1.    The Parties' Cross-Motions Regarding the *Kessler* Doctrine are Fully Briefed and Ready for Decision; all Requested Discovery is Complete

After securing permission from the Court, Apple filed an early motion for summary judgment of non-infringement in December of 2014, on the ground that all of Mirror Worlds' claims against Apple in this case are barred under the *Kessler* doctrine – specifically, that Mirror Worlds' claims are barred by the Judgment of non-infringement issued by this Court (and affirmed by the Federal Circuit) in the prior case brought against Apple by Mirror Worlds' predecessor.  [Dkt. Nos. 237, 254].  In response, Mirror Worlds opposed Apple's motion, filed a

---

[1]   Declaration of Stuart M. Rosenberg, filed herewith ("Rosenberg Decl."), ¶ 2 and Ex. A.

[2]   Rosenberg Decl., ¶¶ 3-4.

cross-motion for summary judgment that *Kessler* does not apply here, and asked for more time under Rule 56(d) to take certain discovery before the Court rules on Apple's motion.  [Dkt. Nos. 261-262].  That discovery is now complete,[3] and the parties' cross-motions are now fully briefed and ripe for decision.  If the Court grants Apple's *Kessler* motion, that decision will dispose of all of Mirror Worlds' claims against Apple.

> **2.     The Parties' Rule 12(c) Cross-Motions Regarding Invalidity will be Ripe for Decision Shortly and Do Not Require any Discovery**

On February 13, 2015, Apple filed a motion for judgment on the pleadings under Rule 12(c), asking the Court to hold that all of the patent claims asserted by Mirror Worlds against Apple fail to claim eligible subject matter under 35 U.S.C. §101 and are therefore invalid.  [Dkt. No. 292].  On March 2, 2015, Mirror Worlds filed a cross-motion, *agreeing* with Apple that "this issue is ripe for adjudication on the pleadings," and asking the Court to rule that the asserted claims are not invalid under section 101 as a matter of law. [Dkt. No. 300].  These cross-motions will be fully briefed and ready for decision soon, without any need for discovery.  If the Court grants Apple's Rule 12(c) motion, that decision will dispose of all of Mirror Worlds' claims against Apple, because a patentee may not allege infringement of invalid claims.

> **3.     Mirror Worlds has Sought Permission to file a Summary Judgment Motion of Validity; the Parties Agree that No Discovery is Needed for this Motion**

On January 21, 2015, Mirror Worlds filed a letter brief seeking permission to file a motion for summary judgment of validity, on the ground that Apple's invalidity defenses are allegedly barred by issue preclusion arising from the judgment in the prior case.  [Dkt. No. 273].  Apple filed its opposition letter brief on February 9, 2015, arguing that Mirror Worlds should not be permitted to file this summary judgment motion – not because there are any disputed facts for

---

[3]  Rosenberg Decl., ¶¶ 3-4.

which discovery would be necessary, but because Mirror Worlds has misunderstood the law of issue preclusion and the judgment in the prior case.  [Dkt. No. 287].  The letter briefing on this issue will be complete shortly.  Neither party has argued that any discovery is necessary to resolve their dispute over issue preclusion.  Therefore, if the Court grants Mirror Worlds' request to file a summary judgment motion on this issue, no discovery will be necessary to resolve that summary judgment motion.  And if the Court grants Mirror Worlds' proposed motion, then that decision will dispose of at least a significant portion of Apple's invalidity defenses.[4]

## III.    ARGUMENT

### A.    Legal Standards

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (affirming stay of discovery pending Rule 12 motion); *see also* Fed. R. Civ. P. 26(c). The court may stay discovery pending any dispositive motions, including not only Rule 12 motions but also summary judgment motions.  For example, in *Scroggins v. Air Cargo, Inc.*, the Fifth Circuit affirmed a district court's order "staying general discovery until the court could determine whether the case would be resolved at the summary judgment stage."  534 F.2d 1124, 1133 (5th Cir. 1976); *accord Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988) ("[W]e have held that a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion.") (citation omitted).

For further example, this Court recently entered a stay in a patent case pending decision on a Rule 12 motion seeking judgment of invalidity of all asserted claims under 35 U.S.C. §101, just like Apple's Rule 12 motion seeks here.  *See* Rosenberg Decl., Ex. B (*Clear With

---

[4]  Despite seeking permission for a motion to bar all of Apple's invalidity defenses, Mirror Worlds admits in its reply letter brief that it has no basis for seeking to bar Apple's defenses under 35 U.S.C. §112 with respect to the asserted claims added by reexamination after the prior case.  *See* Dkt. No. 289-1 at 3 n.3.

*Computers, LLC v. Altec Indus., Inc.*, Case no. 6:14-cv-00079-JRG, Dkt. No. 34 (minutes of Dec. 18, 2014 Case Management Conference)) at 1.  This stay allowed the parties and the Court to conserve their resources while the Court considered and ruled on the dispositive motion.  *See id.*, Ex. C (Dkt. No. 59) (Mar. 3, 2015 Order) at 2 ("At a prior case management conference, the Court stayed all deadlines until the Court ruled on [the section 101] Motion.").

The Fifth Circuit has explained that a stay of discovery is warranted when a dispositive motion would render discovery moot, such that forging ahead with discovery would merely impose cost and inconvenience.  *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990) (affirming stay of discovery pending summary judgment motion) ("Discovery is not justified when cost and inconvenience will be its sole result.").  For example, this Court recognized in the *Clear With Computers* case that there was "no reason to delay its § 101 ruling while the parties continue to expend significant resources which will not impact or aid the Court in reaching this decision."  Rosenberg Decl., Ex. C (Mar. 3, 2015 Order) at 6.

Other courts to consider this issue have agreed that when an early motion is pending and may dispose of a party's entire case, there is good cause to stay discovery pending a decision on the motion.  *See, e.g.*, *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (internal citation omitted); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689 (M.D. Fla. 2003) (good cause to stay discovery exists where "resolution of preliminary motion may dispose of entire action").

**B.    The Court Should Stay Discovery Pending its Decisions on Mirror Worlds' and Apple's Dispositive Motions**

The Court should use its broad discretion and inherent power to stay discovery between Mirror Worlds and Apple pending the Court's decisions on the dispositive motions discussed above.  None of these motions require any discovery beyond that already taken, and all of these motions have the potential to render further discovery useless.  Thus, further discovery is not justified while these motions are pending, as "cost and inconvenience will be its sole result." *Landry*, 901 F.2d 404 at 436; *accord Chavous*, 201 F.R.D.at 2.

First, the Court should stay discovery pending the parties' cross-motions for summary judgment regarding the *Kessler* doctrine.  These motions are fully briefed, and Mirror Worlds has completed all of the discovery it sought under Rule 56(d), so there is no dispute that the motions are now fully ripe for decision.  There is simply no reason to proceed with discovery while these motions are pending.   Apple's *Kessler* motion seeks dismissal of Mirror Worlds' entire infringement case, and does so on a threshold matter of law that would render all discovery into the merits of Mirror Worlds' claims useless.  Apple sought permission to file this motion early in the case in order to conserve the parties' and the Court's resources, and the Court agreed early in the case to allow Apple's motion and Mirror Worlds' cross-motions to be filed. [Dkt. No. 237].  If the parties were now to engage in months of expensive discovery, including potential discovery motions, that would frustrate the parties' and the Court's purpose in allowing these summary judgment motions to be filed early in the case.  In other words, just like in the *Clear With Computers* case recently stayed by this Court pending a dispositive motion, here there is no reason for the parties to "continue to expend significant resources which will not impact or aid the Court in reaching [its] decision" on the pending motions.[5]

---

[5]  Rosenberg Decl. Ex. C at 6.

Likewise, the Court should stay discovery pending the parties' Rule 12 cross-motions for judgment as a matter of law, which will be fully-briefed soon and do not require any discovery. Indeed, Apple's Rule 12 motion is just like the one for which this Court recently stayed discovery in the *Clear With Computers* case, except here it is even more clear that a stay is warranted, as Mirror Worlds *agrees* with Apple that section 101 invalidity should be resolved now as a matter of law.  Therefore the Court should enter a stay, so that the parties do not "continue to expend significant resources which will not impact or aid the Court in reaching [its] decision."[6]  If the parties forge ahead with discovery, they risk wasting substantial resources and creating only "cost and inconvenience."  *Landry*, 901 F.2d 404 at 436.

Moreover, if the Court grants Mirror Worlds' request to file a motion for summary judgment of validity based on issue preclusion, then the Court should also stay discovery pending a decision on that summary judgment motion.  Apple has submitted in its opposition letter brief that Mirror Worlds' arguments about issue preclusion are wrong as a matter of law, and that therefore the Court should not permit a full summary judgment motion on this issue. [Dkt. No. 287].  But if the Court allows this summary judgment motion to be filed, then it will be a waste of resources for the parties to continue with discovery while the motion is pending, as the motion has the potential to obviate much discovery regarding invalidity.

Finally, there are rare circumstances here yielding additional good cause for a stay.  Each of the motions for summary judgment discussed above is premised on a *prior case* between Apple and Mirror Worlds' predecessor, and concerns the judicial effect the outcome of that first case has on the scope of this second case.  It makes little sense for the parties and the Court to spend more resources on discovery while the Court is considering whether the prior case

---

[6]  Rosenberg Decl. Ex. C at 6.

*forecloses discovery* into the claims and defenses in this second case.  Most patent suits do not present these threshold questions, and their presence here favors a stay.

## IV.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court stay all discovery between Mirror Worlds and Apple pending decisions on (1) the parties cross-motions for summary judgment regarding the *Kessler* doctrine, (2) the parties' cross-motions for judgment on the pleadings regarding invalidity under 35 U.S.C. §101, and (3) Mirror Worlds' requested motion for summary judgment of validity based on issue preclusion (if the Court decides to grant Mirror Worlds permission to file that motion).

DATE:  March 5, 2015

Respectfully submitted,

*/s/ Stuart M.Rosenberg*
William C. Rooklidge,
CA State Bar No. 134483
WRooklidge@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA  92612
Telephone:  949.451.3800
Facsimile:  949.451.4220

Stuart M. Rosenberg
CA State Bar No. 239926
srosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5389
Facsimile:  650.849.5089

Brooke Myers Wallace
CA State Bar No. 259169
bwallace@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Telephone: 213.229.7074
Facsimile: 213.229.6074


*Attorneys For Defendant Apple Inc. and, as to
Mirror Worlds' infringement claims related to
Apple's OS X operating system, Best Buy Stores, LP
and BestBuy.com, LLC*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that Apple's counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that the foregoing motion is opposed.  The parties met and conferred on March 2-3, 2015 via e-mail and telephone.  On March 2, Stuart M. Rosenberg (counsel for Apple) e-mailed Richard Lyon (counsel for Mirror Worlds) to ask if Mirror Worlds would agree to seek a stay of discovery pending the Court's decisions on the motions addressed herein.  On March 3, 2015, Richard Lyon (counsel for Mirror Worlds) responded that Mirror Worlds would not agree.  Later on March 3, 2015, William C. Rooklidge (lead counsel for Apple) and Stuart M. Rosenberg (counsel for Apple) spoke to Richard Lyon (counsel for Mirror Worlds) by telephone and attempted to reach agreement.  However, Mr. Lyon confirmed that Mirror Worlds does not agree to stay discovery and would oppose Apple's motion to stay.  As such, discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

  */s/ Stuart M. Rosenberg*
STUART M. ROSENBERG

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 5th day of March, 2015.

 */s/ Stuart M. Rosenberg*
STUART M. ROSENBERG