IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MIRROR WORLDS TECHNOLOGIES, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **CAUSE NO. 6:13-CV-419 (LEAD CASE)** |
| **APPLE INC., ET AL.,** | § § § | |
| **Defendants**. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff Mirror Worlds Technologies LLC's ("Mirror Worlds") Motion for Summary Judgment re Apple's Claim Preclusion and Issue Preclusion Defenses (Docket No. 361), Defendant Apple, Inc.'s ("Apple") Cross-Motion for Summary Judgment that Mirror Worlds' Infringement Claim is Barred by Claim and Issue Preclusion (Docket No. 368), and Mirror Worlds' Motion for Summary Judgment that Issue Preclusion Bars Apple's Validity Defenses and Counterclaims (Docket No. 362). For the following reasons, Mirror Worlds' Motion for Summary Judgment re Apple's Claim Preclusion and Issue Preclusion Defenses (Docket No. 361) is **GRANTED-IN-PART** and **DENIED-IN-PART.** The Court **GRANTS** summary judgment to Mirror Worlds on Apple's claim preclusion defense on all claims occurring after April 4, 2011 and **DENIES** summary judgment to Mirror Worlds on Apple's issue preclusion defense. Apple's Cross-Motion for Summary Judgment that Mirror Worlds' Infringement Claim is Barred by Claim and Issue Preclusion (Docket No. 368) is **DENIED**. Mirror Worlds' Motion for Summary Judgment that Issue Preclusion Bars Apple's Validity Defenses and Counterclaims (Docket No. 362) is **GRANTED**.

# BACKGROUND

All three motions concern the preclusive effect from the previous lawsuit between Mirror Worlds' predecessor, Mirror Worlds LLC, and Apple. *Mirror Worlds, LLC v. Apple Inc*., No. 6:08-cv-88 (E.D. Tex. filed Mar. 14, 2008) ("*Mirror Worlds I*").  In that lawsuit, the jury found that Mac OS X versions 10.4, 10.5, and 10.6, which include Spotlight, Time Machine, and Cover Flow features, infringed claims 13 and 22 of U.S. Patent No. 6,006,227 ("the '227 Patent"). *Mirror Worlds, LLC v. Apple*, Inc., 784 F. Supp. 2d 703, 710 (E.D. Tex. 2011).  The jury awarded $208.5 million to Mirror Worlds LLC.  *Id*.  On Apple's motions for judgment as a matter of law, the Court found that Mirror Worlds LLC did not present substantial evidence that Apple (or any of its customers[1]) ever performed the method steps (i.e., Mirror Worlds LLC did not present substantial evidence that anyone actually used the Spotlight, Time Machine, or Cover Flow features), vacated the verdict, and granted judgment in favor of Apple.  *Id*. at 731.  In a 2-1 ruling, the Federal Circuit affirmed the District Court's ruling.  *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1362 (Fed. Cir. 2012).

In 2013, Mirror Worlds LLC sold the '227 Patent to Network-1 Security Solutions, Inc., which then assigned the patent to Plaintiff Mirror Worlds.  Docket No. 254 at 8.  A few days later, Mirror Worlds filed the instant lawsuit, accusing Apple computers and servers that run Mac OS X versions 10.6, 10.7, 10.8, and 10.9.  Docket No. 261 at 3.  Notably, Mirror Worlds only accuses acts of infringement occurring after the *Mirror Worlds I* judgment.[2]  *Id*.

---

[1] At the close of Mirror Worlds LLC's case-in-chief, the Court granted Apple's oral motion for judgment as a matter of law that Apple did not induce infringement of any of the patents because Mirror Worlds LLC did not offer any evidence that Apple's customers, or other third parties, actually performed the patented method.  *See Mirror Worlds*, 784 F.Supp.2d at 710 n.7.  Therefore, the only question that went to the jury was whether Apple directly infringed the '227 Patent by using the Spotlight, Time Machine, or Cover Flow features itself.  *Id*.

[2] Mirror Worlds claims post-judgment acts start on the day after the jury verdict, October 2, 2010; Apple claims post-judgment acts start on the day after the Court entered final judgment, April 5, 2011.  *See* Docket No. 378 at 4.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue for trial exists, a court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

## PRECLUSION TERMINOLOGY USED IN THIS ORDER

The legal community has not agreed on a single, consistently-applied terminology for preclusion principles.  The fact that varying terminology is used across opinions and legal commentary can cause significant confusion.  Briefs and opinions often contain footnotes or other references explaining that the author will use the term "claim preclusion" instead of "res judicata," or "issue preclusion" instead of "collateral estoppel."  While such simplifications may be helpful, they can and do lead to confusion when a question turns on opinions using a broader definition of res judicata that includes aspects of both claim and issue preclusion.  *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 394 (5th Cir. 2004) ("The rules of res judicata encompass two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."); *see also* 18 Wright, Miller & Cooper, *Federal Practice & Procedure* § 4402 (The Terminology of Res Judicata) (2d ed.) (explaining that limiting res judicata to claim preclusion "is potentially confusing, and it is better to use res judicata in its broader sense to encompass both [claim preclusion and issue preclusion]").  In

these instances, it is important to look carefully at the court's analysis rather than relying solely on the terminology used.

In this Order, the Court will use the term claim preclusion to denote the doctrine of bar and merger, sometimes called "true res judicata," that "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action' [such that] the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535–36 (5th Cir. 1978).  The Court will use the term issue preclusion, sometimes called direct or collateral estoppel depending on the situation, to denote the doctrine that "bars the relitigation of issues <u>actually adjudicated</u>, and essential to the judgment, in a prior litigation between the same parties." *Id.*  (emphasis added).

### *Cross-Motions on Claim and Issue Preclusion as to Mirror Worlds' Infringement Claim (Docket Nos. 361 and 368)*

In its motion, Mirror Worlds moves for summary judgment on Apple's defense that claim and issue preclusion bar Mirror Worlds' infringement claim.  Apple cross-moves for summary judgment on those same defenses.

### *Claim Preclusion*

Mirror Worlds argues that claim preclusion does not bar its infringement claim because the claim is based on acts of infringement that occurred after the trial in the prior suit.  Docket No. 361 at 2.  Mirror Worlds relies on a series of Federal Circuit opinions that stand for this very proposition.  *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 (Fed. Cir. 2012); *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1054 (Fed. Cir. 2014); *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 627 (Fed. Cir. 2015) ("traditional notions of

claim preclusion do not apply when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit") (quoting *Brain Life* and citing *Aspex*).

Apple argues these panel opinions are inconsistent with the *Nystrom* and *Foster* opinions, which Apple argues control because they were earlier decided decisions that can only be overturned by an en banc court.  *See Nystrom v. Trex Co., Inc.*, 580 F. 3d 1281, 1285 (Fed. Cir. 2009); *Foster v. Hallco Mfg. Co., Inc.*, 947 F. 2d 469, 480 (Fed. Cir. 1991).  According to Apple, *Nystrom* holds that claim preclusion applies to a second suit if the new devices at issue are essentially the same as those in the first suit.  Docket No. 368 at 5–7.  Apple therefore contends that Mirror Worlds' infringement claim is barred because Mirror Worlds concedes the accused Mac OS X versions are not "materially changed as to any of the claim limitations" from the Mac OS X versions in the earlier suit.  *Id.* at 6 (citing Docket No. 342 at 25:14–18).

Claim preclusion "does not bar [Mirror Worlds'] lawsuit with respect to accused products that were not in existence at the time of [*Mirror Worlds I*]."  *Aspex*, 672 F.3d 1334, 1342.  Claim preclusion, as understood by the law of merger and bar, requires a plaintiff to bring all claims that could have been brought in the first lawsuit.  *Taylor v. Sturgell*, 553 U.S. 880, 892 & n.5 (2008).  Mirror Worlds could not have accused products that did not exist at the time of the first lawsuit.  *See Brain Life*, 746 F.3d at 1054 ("Much like the *Aspex* case, to the extent Brain Life's allegations of infringement are directed to products created and, most importantly, acts of alleged infringement occurring after entry of the final judgment in the MIDCO Litigation, those claims are not barred by the doctrine of claim preclusion. Quite simply, Brain Life could not have asserted infringement claims against the products in question for acts of alleged infringement that postdate the final judgment in the MIDCO Litigation in the current litigation.").  As recently as August 28, 2015, the Federal Circuit confirmed that claim preclusion does not apply to acts

that post-date final judgment. *Dow Chemical*, 803 F.3d at, 626–27 (Fed. Cir. 2015). This understanding treats infringement consistently with other areas of law that deal with a series of individual torts, such as antitrust violations. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28, (1955) ("That both suits involved 'essentially the same course of wrongful conduct' is not decisive. Such a course of conduct—for example, an abatable nuisance—may frequently give rise to more than a single cause of action. And so it is here. The conduct presently complained of was all subsequent to the 1943 judgment.").

The Court does not read the *Aspex*, *Brain Life*, and *Dow Chemical* cases as inconsistent with *Nystrom* and *Foster*. As *Aspex* explains, *Nystrom* "applied the doctrine generally referred to as collateral estoppel or issue preclusion [a]lthough the *Nystrom* court characterized its analysis as falling under the general rubric of res judicata or claim preclusion." 672 F.3d at 1343.[3] These opinions may show the confusing nature of preclusion terminology, but they are not in conflict. That *Nystrom* applied issue preclusion, and more specifically collateral estoppel, becomes more evident when looking at the opinion itself. There, the court held the patentee could not accuse a new version of a board because it had the same non-infringing properties of the prior version (manufactured the same way and containing the same levels of recycled plastic). The *issues* that a certain manufactured process and a plastic composition do not infringe were already decided in the prior action, and because the patentee accused new boards that had these same noninfringing features, issue preclusion barred the infringement claim. *Nystrom*, 580 F.3d 1281, 1284–86.

Likewise, in *Foster*, the court held that if the second lawsuit involved the same cause of action as the first lawsuit, claim preclusion prevents the accused infringer from relitigating the issue of validity. *Foster*, 947 F.2d at 478–480 ("If a different claim is involved, there is no claim

---

[3] Judge Rader wrote the opinion in *Nystrom* and was part of the unanimous panel of *Aspex*.

preclusion.").   Moreover, the court in *Foster* stated that it was "unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit."  947 F.2d at 479 (citing *Young Eng'rs*, 721 F.2d at 1316).  In sum, *Foster* was concerned with whether the same cause of action existed in two separate lawsuits and *Nystrom* applied the doctrine of issue preclusion, but neither contradicts the principle consistently espoused by *Young Eng'rs*, *Aspex*, *Brain Life*, and *Dow Chemical* that claim preclusion does not bar claims against acts of infringement or devices that did not exist at the time of the first lawsuit.

Apple argues that even with this understanding of claim preclusion, Mirror Worlds' claims are barred because *Brain Life* only allows claims that post-date final judgment.  Docket No. 368 at 7.  Apple contends that by seeking damages the day after the *Mirror Worlds I's* jury verdict, Mirror Worlds' claims overlap with Mirror Worlds LLC's claims, which sought post-verdict and post-judgment relief.  *Id.* at 8.  Mirror Worlds responds that seeking equitable relief such as ongoing royalties, and injunction, or post-verdict damages has no preclusive effect on a second lawsuit.  Docket No. 373 at 2–3.  Mirror Worlds further contends any preclusive effect stops at the date of the jury verdict, or potentially at the date of supplemental pleadings, not the entry of final judgment.  Docket No. 392 at 43:3–45:3.

The fact that Mirror Worlds LLC requested post-verdict relief in *Mirror Worlds I* does not extinguish Mirror Worlds' claims in the instant suit.  *Lawlor*, 349 U.S. at 328–29 (holding that post-judgment equitable relief, such as requesting a permanent injunction, does not give rise to res judicata).  However, Mirror Worlds fails to establish that its claims can start at the jury verdict in *Mirror Worlds I* (October 1, 2010) rather than the entry of final judgment in *Mirror Worlds I* (April 4, 2011).  Claim preclusion generally does not preclude claims that arose after

the filing of the complaint if the party elected not to include those claims in the action.  *Aspex* 672 F.3d at 1345 ("[T]he general rule [is] that res judicata does not bar the assertion of new rights acquired during the action.").  Here, Mirror Worlds LLC elected to include claims against Apple's accused devices created prior to final judgment by seeking damages for these devices during trial and in the post-trial briefing.  *See* Docket No. 368 at 2, 7.  Accordingly, Mirror Worlds is barred from asserting infringement against devices or actions that predate the April 4, 2011 final judgment.[4]

### *Issue Preclusion*

Mirror Worlds separately moves for summary judgment as to Apple's issue preclusion defense.  Mirror Worlds argues that Apple's issue preclusion defense fails because the issue in the instant suit ("[w]hether Apple or its customers engaged in infringing use of the accused software after the end of trial in [*Mirror Worlds I*]") is not the same as the issue in *Mirror Worlds I* ("whether Apple or its customers used the accused software before [the jury verdict in *Mirror Worlds I]*").  Docket No. 361 at 8.  Mirror Worlds further argues that the issue of Apple's (or its customers') infringing use of the devices in the instant matter was not, nor could it have been, litigated in *Mirror Worlds I*.  Apple faults Mirror Worlds' definition of the issue for incorrectly parsing infringement into two separate requirements: (1) whether the accused products meet claim limitations and (2) whether Apple makes, uses, or sells the accused products.  Docket No. 368 at 9.  Apple defines the issue as Apple's alleged infringement by virtue of Apple's sale, marketing, and use of Mac OS X, which Apple argues was fully litigated in *Mirror Worlds I*.  *Id*. at 8.

---

[4] Apple also points out that Mirror Worlds LLC accused Mac OS X version 10.6.4 and that Mirror Worlds accuses the same version in the instant lawsuit.  As explained, the critical determination is whether the accused products existed at the time of the prior lawsuit's judgment, not whether the two products have the same (or a different) version number.

The parties' dispute boils down to defining precisely what "issue" is precluded as a result of the *Mirror Worlds I* judgment.  The issue that was litigated through appeal and therefore "necessary to the judgment" of noninfringement was whether there was substantial evidence that Apple (or its customers) used the Spotlight feature.[5]  Issue preclusion turns on whether that issue is limited to the products that existed at the time of the *Mirror Worlds I* judgment.  That is, if the issue is defined as *whether Apple (or its customers) uses Spotlight*, then Apple succeeds because that issue was fully litigated and decided in *Mirror Worlds I*.  That situation would be the same as in *Nystrom*, where the first lawsuit barred an infringement claim against a new version of boards because they were "essentially the same" as an older version with respect to the finding of non-infringement (both versions were made the same way with the same levels of recycled plastics).  The fact that the second lawsuit involved a new claim (i.e., the new version of boards did not exist at the time of the prior lawsuit) did not change the holding.

But if the issue is defined as *whether Apple (or its customers) uses Spotlight in the currently accused products*, then Mirror Worlds succeeds because that issue was not litigated in *Mirror Worlds I*.  In this scenario, *Nystrom* would not apply because Mirror Worlds could presumably show that Apple (or its customers) uses the Spotlight feature, thereby demonstrating that the products are not essentially the same (i.e., the feature was not used in *Mirror Worlds I* but is now).

In *Mirror Worlds I*, the case turned on whether anyone used the Spotlight feature.  Apple correctly and successfully argued that there was not substantial evidence that Apple or its

---

[5] This inquiry focuses on Apple's (or its customers') allegedly infringing acts—not on whether technical aspects of the software meet the Court's claim construction.  Apple's repeated arguments addressing the technical similarity of the software in the two cases and related parsing infringement argument (*see, e.g.*, Docket No. 368 at 6) are not relevant because the technical aspects of software had nothing to do with the finding of noninfringement.  *See, e.g.*, *Nystrom*, 580 F.3d at 1285 ("Where an accused infringer has prevailed in an infringement suit, 'the accused devices have the status of noninfringements, and the defendant acquires the status of a noninfringer to that extent.' " (emphasis added) *citing Young Eng'rs*, 721 F.2d at 1316).

customers used Spotlight.  Importantly, Apple does not make that argument here.  Apple, as "the proponent of claim preclusion, [has the burden] to show that the cause of action in the two suits [is] the same." *Foster*, 947 F.2d at 480.  By failing to demonstrate that the accused products are essentially the same *as to the reason for noninfringement in the prior suit*, Apple's motion necessarily fails.  Additionally, Mirror Worlds has not moved for summary judgment or asked the Court to otherwise rule on the issue of whether Apple or its customers use Spotlight in the currently accused products.  Therefore, the factual question whether Apple or its customers use Spotlight in the accused products remains and the Court is unable to resolve Apple's issue preclusion defense.

Finally, Apple raised a number of discrete issues that it argues Mirror Worlds is precluded from advancing in this litigation.  Docket No. 378 at 7–8.  In the briefing, Mirror Worlds indicated it would not raise those issues in the instant lawsuit, Docket No. 373 at 6–7, and at the hearing Mirror Worlds abandoned those issues on the record.  Docket No. 392 at 49:13–50:12.

For the above reasons, Mirror Worlds' Motion for Summary Judgment re Apple's Claim Preclusion and Issue Preclusion Defenses (Docket No. 361) is **GRANTED-IN-PART** and **DENIED-IN-PART.**  The Court **GRANTS** summary judgment to Mirror Worlds on Apple's claim preclusion defense on all claims occurring after April 4, 2011 and **DENIES** summary judgment to Mirror Worlds on Apple's issue preclusion defense.  Apple's Cross-Motion for Summary Judgment that Mirror Worlds' Infringement Claim is Barred by Claim and Issue Preclusion (Docket No. 368) is **DENIED**.

*Mirror Worlds' MSJ that Issue Preclusion Bars Apple's Validity Defenses (Docket No. 362)*

In this Motion, Mirror Worlds argues that Judge Davis's April 4, 2011 Memorandum Opinion and Order affirming the jury verdict of no-invalidity precludes Apple from re-litigating the validity of the '227 Patent.  Docket No. 362 at 3.  Mirror Worlds argues the three elements of issue preclusion are met: (1) the validity of the '227 Patent was actually litigated (Apple concedes this); (2) the validity of the '227 Patent was decided by final judgment; and (3) the determination of validity was essential to the final judgment.  *Id*.  Further, Mirror Worlds argues (4) there are no circumstances that make it unfair to apply issue preclusion here because Apple had a full opportunity to apply the new standard of indefiniteness during *Markman* briefing in the instant case.  *Id*. at 8 (discussing the additional fairness requirement as espoused by *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998)).

In response, Apple argues that there was no final judgment regarding validity because Judge Davis's April 4, 2011 Final Judgment simply states, "Consistent with the Court's Memorandum Opinion and Order entered this date, the Court hereby ENTERS FINAL JUDGMENT that Mirror Worlds take nothing against Apple."  *Mirror Worlds I*, Docket No. 479.  According to Apple, this is a final judgment as to no damages and non-infringement, but not validity.  Docket No. 367 at 3.  Apple faults Mirror Worlds for construing Judge Davis's 44-page Memorandum Opinion and Order as a final judgment that creates a preclusive effect.  *Id*. at 4–6.  Apple separately disputes that the Memorandum Opinion and Order affirms the jury verdict of no-invalidity since it denied Mirror Worlds' motion for entry of final judgment.  Docket No. 392 at 66:1–5.  Apple further argues it would be unfair to apply issue preclusion against Apple here because it has not yet had a full opportunity to brief the indefiniteness of the "data unit" term under the new *Nautilus* standard.  Docket No. 377 at 4–5.

Apple's argument depends on the Court finding there was no final judgment regarding validity in *Mirror Worlds I*.  Judge Davis's April 4, 2011 Final Judgment satisfied FED. R. CIV. P. 58.  It directed the clerk to close the case at the district level and started the time running for either party to appeal the holdings of the court—including the Memorandum Opinion and Order.  *See VirnetX, Inc., v. Apple, Inc.*, 6:13-cv-211, Docket No. 67 (explaining the purposes of a separate document requirement for final judgments).  A final appealable order is all that is needed to meet the final judgment requirement of issue preclusion.  *See AAF-McQuay Inc. v. Northbrook Prop. & Cas. Ins. Co.*, No. 5:96CV158, 1998 WL 1978564, at *2 (E.D. Tex. Apr. 30, 1998) ("finality requires a final appealable order before issue preclusion will be found to exist.") (citing *J.R. Clearwater v. Ashland Chemical Co.*, 93 F.3d 176, 179 n.2 (5th Cir. 1996)).  In fact, Apple did appeal—at least initially—Judge Davis's ruling that affirmed the jury verdict of validity.   Docket No. 362-5, Ex. 4 (Apple's Notice of Cross-Appeal).   Judge Davis's Memorandum Opinion and Order was a final appealable order, both parties appealed it, and its holding has preclusive effect to the extent the other elements of res judicata are met.

Judge Davis's Memorandum Opinion and Order affirms the jury's finding that the '227 Patent is not invalid.  *Mirror Worlds I*, Docket No. 478 at 43 ("[T]he Court rejects Mirror Worlds' case as to infringement and damages, while affirming it as to validity and inequitable conduct.").  Apple is correct that Judge Davis denied Mirror Worlds LLC's motion for entry of judgment in that same order; however, the fact remains that the order specifically affirms the jury's finding as to validity.  It may have been more consistent for the order to have granted-in-part and denied-in-part Mirror Worlds LLC's motion for entry of judgment, but reading the entirety of the order, including the two-and-one-half pages specifically addressing and rejecting Apple's validity arguments, can only result in one conclusion: Judge Davis vacated the jury

verdict as to infringement and damages and affirmed it as to validity (and inequitable conduct). The parties fully understood that to be the case when they filed their cross-appeals on those issues.

Finally, the Court allowed Apple to raise its definiteness arguments during *Markman* proceedings, so any claim that the new *Nautilus* standard requires the Court to consider validity arguments is moot.   However, Apple is correct that the Court declined to rule on the indefiniteness of the "data unit" term because the Court adopted a term neither party had proposed.  Docket No. 266 at 6–7.  The Court questions the timeliness of Apple's request to do so now, since the *Markman* Order issued on January 14, 2015, but if Apple wishes to file a separate motion for summary judgment of indefiniteness on this term it may do so no later than the deadline to file dispositive motions, **March 11, 2016**.  The pages used will count against whatever available pages Apple has remaining from its 60-page limit for summary judgment motions in this matter.

Accordingly, Mirror Worlds' Motion for Summary Judgment that issue Preclusion Bars Apple's Validity Defenses and Counterclaims (Docket No. 362) is **GRANTED**.

## CONCLUSION

For the above reasons, Mirror Worlds' Motion for Summary Judgment re Apple's Claim Preclusion and Issue Preclusion Defenses (Docket No. 361) is **GRANTED-IN-PART** and **DENIED-IN-PART.**  The Court **GRANTS** summary judgment to Mirror Worlds on Apple's claim preclusion defense on all claims occurring after April 4, 2011 and **DENIES** summary judgment to Mirror Worlds on Apple's issue preclusion defense.  Apple's Cross-Motion for Summary Judgment that Mirror Worlds' Infringement Claim is Barred by Claim and Issue Preclusion (Docket No. 368) is **DENIED**.  Mirror Worlds' Motion for Summary Judgment that

Issue Preclusion Bars Apple's Validity Defenses and Counterclaims (Docket No. 362) is

**GRANTED**.


**So ORDERED and SIGNED this 3rd day of December, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE